IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES BARTON,

               Plaintiff,

      vs.

JOSHUA YOUNG, in their individual capacities; STOUT, Cpl., in their individual capacities; and DUSTIN BOWERS, in their individual capacities;

             Defendants.

**8:24CV180**

**MEMORANDUM AND ORDER**

This matter is before the Court on what the Court construes as Plaintiff's motion for an extension and for appointment of counsel. Filing No. 33. Also before the Court is Defendants' motion for leave to file restricted access documents under seal. Filing No. 35. For the reasons that follow, Plaintiff's motion will be denied and Defendant's motion to seal will be granted. Additionally, on the Court's own motion, Plaintiff will be given additional time to respond to Defendant's summary judgment motion, and the Court will continue the final pretrial conference.

## I. PLAINTIFF'S MOTION FOR EXTENSION AND FOR COUNSEL

Plaintiff filed his motion on February 3, 2026, and asked for a 30-day extension "due to . . . being transferred to a new institution and not having his legal papers." Filing No. 33 (spelling and capitalization corrected). At the time Plaintiff filed his motion, the only relevant unexpired progression deadline was the deadline for filing motions to amend the pleadings or add parties. *See* Filing No. 32 at 1. However, Plaintiff's motion did not indicate that he sought an

extension of that deadline nor did he expressly indicate he sought to extend any other specific progression deadline. Accordingly, to the extent Plaintiff sought an extension of any progression deadlines, the Court finds he has failed to show good cause for extending those deadlines and will deny his request.

Plaintiff also requested the appointment of counsel in his motion. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook,* 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't,* 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996)).

This is a relatively straightforward excessive force case, for which there is ample legal authority. The facts are also uncomplicated and should be readily discoverable. Plaintiff's pro se filings are clearly written, and he has demonstrated an ability to present his claims, at least through the initial stage of the litigation. Although this case ultimately may turn on resolving the dispute between Plaintiff's version of events and Defendants' version of events, as well as a credibility assessment of witnesses if the case proceeds to trial, it has not yet progressed to that stage. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca,* 859 F. App'x at 5 (citing *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above,

the request for the appointment of counsel will be denied without prejudice to reassertion.

## II. DEFENDANTS' MOTION TO SEAL

On April 10, 2026, Defendants filed a motion for summary judgment, Filing No. 34, and the present motion to seal a portion of the exhibits Defendants offer in support of their summary judgment motion. Filing No. 35. Specifically, Defendants ask the Court to enter an order sealing their Index of Sealed Evidence, Filing No. 36, which has been filed and provisionally sealed, because Exhibits 1 through 8 contained therein contain confidential and sensitive information, including Nebraska Department of Correctional Services ("NDCS") operational polices, a Use of Force Report, and security footage of the incident at issue. Upon consideration, the Court finds that redaction would be insufficient to protect NDCS' compelling interest in preserving institutional security and will grant Defendants' motion to seal. *See Goff v. Graves*, 362 F.3d 543, 550 (8th Cir. 2004).

## III. CASE PROGRESSION

Pursuant to NECivR 7.1(b)(1)(B), Plaintiff had 21 days from the date Defendants filed and served their summary judgment motion to file his brief in opposition. However, because the Court had not yet ruled on Plaintiff's pending motion for an extension and for counsel and Defendants' motion to seal, the Court, on its own motion, shall extend Plaintiff's deadline for filing his brief in opposition to summary judgment to 21 days from the date of this Memorandum and Order.

Additionally, in light of the pending dispositive motion for summary judgment, Filing No. 34, which involves the issue of qualified immunity from suit, the Court will suspend the deadlines related to the final pretrial conference order and continue the final pretrial conference scheduled for July 21, 2026. *See* Filing No. 32.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's motion for extension and for appointment of counsel, Filing No. 33, is denied.

2.      Defendants' motion to seal, Filing No. 35, is granted.

3.      Plaintiff shall have until **July 14, 2026**, to file and serve his brief in opposition to Defendants' summary judgment motion.

4.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **July 14, 2026**: deadline for Plaintiff's brief in opposition to summary judgment.

5.      The deadlines related to the final pretrial conference order, Filing No. 32, are suspended until further order of the Court;

6.      The final pretrial conference scheduled for July 21, 2026, is continued until further order of the Court; and

7.      The Clerk of Court shall transmit a copy of this order to Magistrate Judge DeLuca's chambers.


Dated this 23rd day of June, 2026.


                                        BY THE COURT:

                                        John M. Gerrard
                                        Senior United States District Judge